UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Charlie Javice and
Olivier Amar,

*Defendants.*

**Protective Order**
**Case No. 1:23-cr-00251-AKH**

Upon the application of Non-Party Zoom Video Communications, Inc. ("Zoom"), with the consent of the undersigned counsel, and Olivier Amar having sought the production of documents, objects and information under Fed. R. Crim. P. 17, the Court hereby finds and orders as follows:

**Categories**

1. **Disclosure Material.** Zoom will make disclosure to Olivier Amar and Charlie Javice ("Defendants") of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 17, all of which will be referred to herein as "Disclosure Material." Zoom's Disclosure Material may include material that (i) affects the privacy, confidentiality, and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; (iii) may be produced with more limited redactions than would otherwise be necessary; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of Zoom's Disclosure Material, referred to herein as "Sealed Material," contains information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity, including (i) internal competitive business intelligence and/or market analyses; (ii) internal financial data and/or projections; (iii)

internal communications concerning Zoom's strategic priorities; (iv) information regarding confidential business initiatives; (v) information regarding potential business opportunities; (vi) information regarding current transactions and related financial information; and (vii) customer and/or third-party financial information.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case may raise particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by Zoom to Defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by Zoom in emails or communications to counsel for Defendants, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**Disclosure and Treatment**

4. Disclosure Material shall not be disclosed by Defendants or their counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or X (f/k/a "Twitter"), to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

5. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of Zoom or Order of the Court, and may be disclosed by the defense to:

   a. Defendants;

2

      b.    Personnel for whose conduct counsel for Defendants are responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action; and

      c.    Prospective witnesses for purposes of defending this action.

6.    APO Material received by the defense shall be maintained in a safe and secure manner by the defense and any personnel for whose conduct counsel for Defendants are responsible; shall not be possessed by the defense, except in the presence of counsel for Defendants and any personnel for whose conduct counsel for Defendants are responsible; and shall not be disclosed in any form by the defense or any personnel for whose conduct counsel for Defendants is responsible except as set forth herein.

7.    The limitations on the handling of Disclosure Material described above do not apply to materials that Defendants or their counsel have obtained independently of Zoom's anticipated production(s) or through other third party or public sources.

**Other Provisions**

8.    This Order does not prevent the use or disclosure of any Disclosure Material in any hearing, argument, or trial held in this action, or to any judge or magistrate judge, for purposes of this action but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. Nothing in this Order prevents or otherwise limits the ability of Defendants to produce this Disclosure Material to the Government in order to comply with his disclosure obligation in this case, with the understanding that such produced material will be subject to the existing or forthcoming Protective Order(s) with the Government, including but not limited to the Protective Order in this case. *See* Dkt. No. 37. All filings should comply with

the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

9. Zoom's designation of material will be controlling absent contrary order of the Court. However, Zoom may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

10. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Counsel for Defendants shall maintain a record of what information has been disclosed to which such persons.

11. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to Zoom or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to the obligation of Counsel for Defendants to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct counsel for Defendants is responsible or prospective witnesses, counsel for Defendants shall make reasonable efforts to seek the return or destruction of such materials.

## Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

/s/ *Rina Plotkin*  Date: 11/01/2024
Rina Plotkin
Counsel for Zoom Video Communications, Inc.

/s/ *Sean S. Buckley*  Date: 10/29/2024
Steven G. Kobre
Sean S. Buckley
Alexandria E. Swette
Counsel for Olivier Amar

/s/ *Jose Baez*  Date: 10/29/2024
Jose Baez
Ronald Sullivan
Samuel Nitze
Counsel for Charlie Javice

SO ORDERED:

Dated: New York, New York
November 6, 2024

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

5