# Exhibit C



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 9, 2024

**BY EMAIL**
Alex Spiro, Esq.
Samuel Nitze, Esq.
Maaren Shah, Esq.
JP Kernisan, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

      Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Counsel:

      We write in response to your July 15, 2024 expert notification regarding a defense-designated expert (the "Expert Notice"). For the reasons set forth below, the Expert Notice does not comply with Rule 16's requirement that the Expert Notice must provide "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" and "the bases and reasons for them." *See* Rule 16(b)(1)(C)(iii). These deficiencies undermine the Government's ability to challenge the admissibility of proffered expert's testimony and to prepare for trial. Accordingly, the Government requests that the defendant supplement her expert disclosures to address the deficiencies identified below.

**Dr. Konstantinos Psounis**

      The Expert Notice states that Dr. Psounis will rely "on his academic and professional experience" as the bases for his opinions. Please identify the portions of Dr. Psounis's "academic and professional experience" that inform each proffered opinion.

      For example, the Expert Notice proffers that Dr. Psounis will opine that "[t]he meaning of the term 'user' . . . is variable and context-dependent, and has no single definition" and that "many companies supplement their existing data by using one or more data augmentation, synthesis, or appending programs to generate further insights into their businesses." *See* Expert Notice at 2. The Expert Notice also proffers the opinion that "what a company considers its 'users' often is left undefined, such as in the case of a new or developing company that has not created consistent processes or metrics to measure engagement." *See* Expert Notice at 5. Please identify the specific bases in Dr. Psounis's "academic and professional" experience that inform these opinions and any others in the Expert Notice.

Page 2

Certain of the proffered opinions are supported by citations to certain documents, including citations indicating that the documents relied upon are exemplars. *See, e.g.*, Expert Notice at 6 n.11 (a "*see, e.g.*" citation). If documents other than the exemplar documents were relied upon to form the opinion, please identify those documents.

To the extent that Dr. Psounis relied upon any other documents in forming his opinions other than those specifically identified in the Expert Notice, including documents from the Rule 16 discovery in this case, please identify those documents and any relevant Bates numbers. Please also disclose whether Dr. Psounis interviewed Javice or any other individual in connection with his work. If so, please identify the information supplied by Javice or any other individual to Dr. Psounis.

The Government respectfully requests that the defense provide supplemental disclosures sufficient to comply with Rule 16 no later than August 15, 2024.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: __/s/_____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Georgia Kostopoulos
Dina McLeod
Assistant United States Attorneys
(212) 637- 2439 / -1247 / -2212 / -1040