UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CHARLIE JAVICE and OLIVIER AMAR,

Defendants.

Case No.: 1:23-cr-00251-AKH

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL**

JPMC miscomprehends both the scope of Defendants' constitutional right to prior witness statements under Rule 17 and their requested relief as to statements of witnesses on the government's witness list. As JPMC's arguments fail from top to bottom, the Court should grant Defendants' motion to compel.

JPMC's assertion that there is a blanket prohibition against seeking prior witness statements through Rule 17 is undermined by its own citations. ECF No. 245 at 5 (collecting cases for the proposition that "[c]ourts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment"). For example, in *United States v. Weissman*, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002), cited by JPMC, the court recognized that a defendant may properly subpoena prior witness statements via Rule 17 "where it is known with certainty before trial that the witness will be called to testify, the admissibility determination, within the meaning of *Nixon,* can be made before trial, and the statements properly may be considered evidentiary." *Id.* *2. Indeed, impeachment materials may be "useful and evidentiary," bringing them under Rule 17's purview. *Id.* Just so here. Thus, the prior witness statements sought by Ms. Javice and Mr. Amar should be produced. ECF No. 237 at 2-4.

Nor is Defendants' request a fishing expedition. ECF No. 245 at 2. Rather, Ms. Javice and Mr. Amar seek only that which is permitted under Rule 17 and necessary to secure their constitutional rights under the Sixth Amendment, *Brady*, and *Giglio*. That is, the prior statements of witness who appear on the government's witness list. ECF No. 237 at 1-2.

*     *     *

To protect Ms. Javice's and Mr. Amar's constitutional right to confront witnesses against them, Defendants respectfully request the Court grant their motion to compel.

[*Remainder of page intentionally blank.*]

| | |
|---|---|
| DATED: February 3, 2025 | Respectfully submitted, |

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **BAEZ LAW FIRM** |
| By: */s/ Erica Perdomo* | Jose Baez (*pro hac vice*)<br>Rosemarie E.W. Peoples (*pro hac vice*)<br>1200 Brickell Avenue<br>Miami, FL 33131<br>Telephone: (305)-999-5100<br>jose@baezlawfirm.com<br>rosemarie@baezlawfirm.com |
| Erica Perdomo (*pro hac vice*)<br>2601 South Bayshore Drive, Suite 1550<br>Miami, FL 33133<br>Telephone: (305) 402-4880<br>ericaperdomo@quinnemanuel.com | |
| Sara Clark (*pro hac vice*)<br>700 Louisiana Street, Suite 3900<br>Houston, TX 77002<br>Telephone: (713) 221-7100<br>saraclark@quinnemanuel.com | **RONALD SULLIVAN PLLC**<br><br>Ronald Sullivan (*pro hac vice*)<br>1300 I Street NW, Suite 400E<br>Washington, DC 20005<br>Telephone: (202) 313-8313<br>rsullivan@ronaldsullivanlaw.com |
| **MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.** | *Counsel for Defendant Charlie Javice* |
| David Siegal<br>Ellen Shapiro<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 935-3000<br>dmsiegal@mintz.com<br>eshapiro@mintz.com | **KOBRE & KIM LLP**<br><br>Alexandria E. Swette<br>Sean S. Buckley<br>Jonathan D. Cogan<br>Daisy Joo<br>800 Third Ave.<br>New York, NY 10022<br>Tel: (212) 488-1200<br>Alexandria.Swette@kobrekim.com<br>Sean.Buckley@kobrekim.com<br>Jonathan.Cogan@kobrekim.com<br>Daisy.Joo@kobrekim.com |
| Eóin P. Beirne (*pro hac vice*)<br>One Financial Center<br>Boston, MA 02111<br>Telephone: (617) 542-6000<br>epbeirne@mintz.com | |
| | Matthew I. Menchel<br>201 South Biscayne Boulevard<br>Suite 1900<br>Miami, FL 33131<br>Tel: (305) 967 6100<br>Matthew.Menchel@kobrekim.com |
| | Erika L. Berman (*pro hac vice* forthcoming) |

1919 M Street, NW
Washington, DC 20036
Tel: (202) 664-1900
Erika.Berman@kobrekim.com

*Counsel for Defendant Olivier Amar*

[*Remainder of page intentionally blank.*]

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I caused a copy of the foregoing document to be served via ECF on counsel of record.

By: /s/ *Erica Perdomo*