**Davis Polk**

Greg D. Andres
+1 212 450 4724
greg.andres@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

February 10, 2025

**BY ECF & FAX**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
Courtroom 14D
500 Pearl St.
New York, NY 10007

Re:    United States v. Charlie Javice and Olivier Amar, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

JPMorgan Chase Bank, N.A. (the "Bank") respectfully submits the following letter brief in opposition to Defendant Olivier Amar's motion for partial reconsideration of the Court's February 4, 2025 Order granting the Bank's motion to quash. (*See* Letter Mot. for Partial Reconsideration (Feb. 7, 2025) ("Letter Mot.") (Dkt. No. 262).)

**I.   Legal Standard**

Mr. Amar's letter—which "request[s] partial reconsideration of the Court's February 4, 2025 order granting JPMC's motion to quash[,]" (*id.* at 1)—amounts to a motion for reconsideration under Local Criminal Rule 49.1(b).[1]  Reconsideration under Rule 49.1 is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Stewart*, No. 02-CR-1435, 2025 WL 89298, at *3 (S.D.N.Y. Jan. 14, 2025) (citation omitted). "A motion for reconsideration is not intended as a vehicle for relitigating old issues, presenting the case under new theories[,] . . . or otherwise taking a second bite at the apple." *United States v. Mata*, No. 11-CR-435, 2025 WL 371398, at *1 (S.D.N.Y. Feb. 3, 2025) (citation omitted).

Accordingly, the "standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Alvarez-Estevez*, No. 13-CR-380, 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014) (citation and

---

[1] This Rule provides in relevant part that a motion for reconsideration "must be filed within 14 days after the court's determination of the original motion[,]" and must be accompanied by "[a] memorandum, no longer than 10 pages in length, setting forth concisely the matters or controlling decisions that counsel believes the court has overlooked . . . ." Local Crim. Rule 49.1(b) (effective Jan. 2, 2025).  Please note that this Rule was recently restructured such that the substantive provisions of former subpart 49.1(d) were moved to subpart 49.1(b).  *See* App'x of Committee Notes, Local Crim. Rule 49.1, 2024 Committee Note; *see also, e.g.*, *United States v. Parrilla*, No. 13-CR-360, 2014 WL 2200403, at *1 (S.D.N.Y. May 22, 2014) ("Although the Federal Rules of Criminal Procedure do not provide for motions for reconsideration, Local Criminal Rule 49.1(d) permits such motions and provides that counsel should 'set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'"). Most opinions discussing reconsideration motions under Local Criminal Rule 49.1 therefore refer to subpart 49.1(d), rather than 49.1(b).

internal quotation marks omitted).  To prevail on such a motion, the movant must "set forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  *Id.* (citation omitted); *see also Mata*, 2025 WL 371398, at *1 (observing that "reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))).  "Where a motion restates arguments already presented or attempts to advance new facts, however, the motion for reconsideration must be denied."  *Alvarez-Estevez*, 2014 WL 12681364, at *1 (citation and internal quotation marks omitted).  The decision to grant or deny a reconsideration motion is committed to "the sound discretion of the district court."  *Stewart*, 2025 WL 89298, at *3 (alteration omitted) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### II.  Mr. Amar Has Not Made the "Substantial Showing" Needed to Warrant Reconsideration

In his letter motion for reconsideration, Mr. Amar argues that ▇▇▇▇▇▇▇▇ is a "key" Government witness whose personnel files will contain "critical impeachment material" in the form of negative performance reviews that he (i.e., Mr. Amar) delivered.  (Letter Mot. 1–2.)[2]  These reviews, Mr. Amar contends, gave rise to a "personal animus" on the part of ▇▇▇▇▇▇▇▇, and thus, the reviews must be produced in order to show "evidence of bias."  (*Id.* at 2.)  This argument fails for three reasons.

<u>First</u>, Mr. Amar's argument is identical to the one that was considered and rejected by the Court at the final pretrial conference on February 4.  There, counsel for Mr. Amar argued that ▇▇▇▇▇▇▇▇'s personnel files (and, in particular, his negative performance reviews) are "directly relevant to [Mr. Amar's] ability to impeach [▇▇▇▇▇▇▇▇]" because they will show that ▇▇▇▇▇▇▇▇ "has an incentive to testify in a certain manner against [Mr. Amar and Ms. Javice]" and "to fabricate testimony."  (Transcript of Feb. 4, 2025 Final Pretrial Conference ("Hearing Tr."), at 41:24–25, 42:3–4, 10–11.)  The Court rejected this argument, noting: "Because he had poor performance reviews?  No."  (*Id.* at 42:12–13.)  The Court added that Mr. Amar's impeachment theory was "far fetched."  (*Id.* at 42:5.)  Mr. Amar's counsel then stated that "[t]he reviews in question were delivered either by Ms. Javice or Mr. Amar" and argued that they "go directly to [▇▇▇▇▇▇▇▇'s] motive to lie."  (*Id.* at 42:24–43:1.)  The Court remained unpersuaded.  (*See id.* at 43:2–5 ("I don't know what relevance it has.  If the witness comes up and you think it's relevant, you can ask in cross-examination.  The motion to quash is granted.").)

Where a defendant's motion for reconsideration "seeks to reargue points that were already considered and rejected by the [c]ourt[,]" the motion must be denied.  *United States v. Hasan-Hafez*, No. 16-CR-221, 2017 WL 4402577, at *1 (S.D.N.Y. Oct. 3, 2017); *see also, e.g.*, *Mata*, 2025 WL 371398, at *1 (denying reconsideration motion that "largely repeated arguments already considered and rejected by the [c]ourt"); *United States v. Meiri*, No. 15-CR-627, 2024 WL 231458, at *4 (S.D.N.Y. Jan. 22, 2024) (concluding that a defendant's "renewed arguments [did] not warrant reconsideration" because "they merely rehash[ed] assertions that [the defendant] [had] already raised—and that the [c]ourt [had] already rejected"); *United States v. Batista*, No. 00-CR-1181, 2022 WL 5187458, at *2 (S.D.N.Y. Oct. 5, 2022) (denying reconsideration motion that "simply repeat[ed] arguments . . . made in [the defendant's] original motion[,]" which the court had "already addressed"); *United States v. Bimbow*, No. 21-CR-48, 2022 WL 715359, at *3 (S.D.N.Y. Mar. 10, 2022) (denying reconsideration motion and observing that, "merely repeating the arguments [a defendant] previously made and that the [c]ourt already considered and rejected

---

[2] The Bank has redacted content subject to the relevant Protective Order in this case.  (*See* Dkt. No. 108.)

is not sufficient to meet the high standard for a motion for reconsideration" (citations, brackets, and internal quotation marks omitted)). Because Mr. Amar's motion for partial reconsideration rehashes the same arguments that were rejected by this Court on February 4, his motion should be denied on this basis.

Second, as the Court concluded at the February 4 pretrial conference, Mr. Amar's subpoena request "is the widest type [of] fishing expedition," which is "neither the province of Rule 17(c) before trial [n]or an obligation under Rule 16." (Hearing Tr. 41:20–22.) The subpoena in question seeks "[d]ocuments contained within [▇▇▇▇]'s] personnel file(s) . . . that pertain to [▇▇▇▇]'s] employment at Frank and JPMC[.]" (Decl. of Greg D. Andres in Supp. of Mot. to Quash Defs.' Rule 17(c) Subpoenas, Ex. A at 3 (Dkt. No. 257-1).) Such an "overly broad" request is precisely "the kind of 'fishing expedition' that Rule 17(c) does not permit." *United States v. Xu*, No. 23-CR-133-5, 2024 WL 4504352, at *3 (S.D.N.Y. Oct. 16, 2024) (quoting *United States v. Bergstein*, 788 F. App'x 742, 746 (2d Cir. 2019) (summary order)) (quashing Rule 17(c) subpoenas that called for the production of all documents "relating to broad topic areas"). That Mr. Amar seeks a narrower set of documents within [▇▇▇▇]'s personnel files is of no moment, for "an overly broad subpoena is not cured by its inclusion of a narrower category of materials that could potentially be the subject of a more carefully tailored request." *Id.* at *3 n.3.

Third, Mr. Amar has now conceded that he seeks [▇▇▇▇]'s personnel files solely for impeachment purposes. (*See* Letter Mot. 1–2.) "It is well established, however, that Rule 17(c) does not provide a basis for pre-trial 'production of materials whose evidentiary use is limited to impeachment.'" *United States v. Kaufman*, No. 13-CR-411-02, 2014 WL 2048198, at *10 (S.D.N.Y. May 19, 2014) (citation omitted); *see also, e.g.*, *United States v. Nixon*, 418 U.S. 683, 701 (1974) ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *United States v. Maxwell*, No., 20-CR-330, 2021 WL 1625392, at *2 (S.D.N.Y. Apr. 27, 2021) (declining to authorize service of proposed Rule 17(c) subpoena requests where "[t]he only plausible theory of relevance set forth in [the defendant's] papers [was] that the[] documents [were] necessary for purposes of impeachment"); *United States v. Cherry*, 876 F. Supp. 547, 553 (S.D.N.Y. 1995) ("Courts have consistently interpreted the admissibility standard of Rule 17(c) to preclude production of materials whose evidentiary use is limited to impeachment."); *United States v. Jasper*, No. 00-CR-825, 2003 WL 1107526, at *1–2 (S.D.N.Y. Mar. 13, 2003) (quashing Rule 17(c) subpoena because the defendant "failed to show that the documents sought"—the personnel files of potential government witnesses—"[would] be used for anything other than impeachment purposes"). Because Mr. Amar seeks the personnel files of [▇▇▇▇] solely to impeach him at trial, Mr. Amar's request is precluded under Rule 17(c), and the Court should deny his motion on this basis as well.

Because Mr. Amar "has failed to make the substantial showing necessary to warrant reconsideration"—i.e., "an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct clear error or prevent manifest injustice"—the Court should deny the instant motion. *See Hasan-Hafez*, 2017 WL 4402577, at *1.[3]

---

[3] To the extent Mr. Amar's motion relies on the fact that the Bank produced a limited number of documents responsive to the subpoena in question, (*see* Letter Mot. 2–3), that fact (1) was known to the Court when it originally considered the Bank's motion to quash, (*see* Mem. of Law in Supp. of JPMC's Mot. to Quash Defs.' Rule 17(c) Subpoenas, at 1 n.2 (Dkt. No. 256)), and (2) was not invoked by Mr. Amar as a basis to deny the Bank's motion. New arguments, however, "are not to be considered on a motion for reconsideration unless there is some valid reason they

**Davis Polk**   Hon. Alvin K. Hellerstein

 

Respectfully submitted,

/s/ Greg D. Andres
Greg D. Andres
Sidney Bashago
Katherine Swan
Michelle Adler
Christian Hines
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
greg.andres@davispolk.com
sidney.bashago@davispolk.com
katherine.swan@davispolk.com
michelle.adler@davispolk.com
christian.hines@davispolk.com

*Attorneys for Non-Party JPMorgan Chase Bank, N.A.*

cc: All counsel of record (via ECF)

---

could not have been previously advanced when the motion was originally argued." *United States v. Lesane*, No. 22-CR-110, 2023 WL 315268, at *2 (S.D.N.Y. Jan. 19, 2023) (citation, ellipsis, and brackets omitted); *see also United States v. Vinas*, No. 07-CR-211, 2019 WL 417747, at *1 (S.D.N.Y. Jan. 9, 2019) (stating that "motions for reconsideration may not advance new facts, issues or arguments not previously presented to the Court" (citation and internal quotation marks omitted)).