Renato C. Stabile
Attorney at Law
580 Broadway, Suite 600
New York, NY  10012
212-219-1469 (o)
212-219-1897 (fax)
917-204-0181 (mobile)
renato.c.stabile@gmail.com

February 20, 2025

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     RE:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    We write to renew our cause challenge to potential Juror #9, O.M.,[1] who is employed by the alleged victim in this case, JPMorgan Chase.  For the reasons previously argued by the defense during voir dire, as well as the additional reasons herein, Juror #9 should be struck for cause.

### *Juror # 9's Employment at JPMorgan Creates Implicit Bias*

    Given Juror # 9's employment by the alleged victim in this case, as well as the potential bank witnesses who are expected to testify at trial, whose credibility Juror #9 must evaluate, bias should be implied, regardless of Juror #9's answers during voir dire.

    The Second Circuit recognizes that implied bias exists when a reasonable person in a juror's position would likely be prejudiced, regardless of their actual assurances of impartiality, and that bias should be presumed when a juror has a direct connection to the parties or the allegations in the case.  *United States v. Mensah*, 110 F.4th 510, 526 (2d Cir. 2024); *United States v. Torres*, 128 F.3d 38, 45–47 (2d Cir. 1997).

    For example, in attorney Michael Avenatti's 2020 criminal trial in this district, a prospective juror worked as a minimally compensated product tester for the corporate victim in the case—Nike—and promoted Nike on social media.  Despite the juror's assurances that he could remain fair and impartial, Judge Gardephe noted "there are too many connections between him and Nike such that I'm not comfortable with him being on the jury" and dismissed the juror, over the government's objection.  *See United States v. Avenatti*, 19-cr-373 (S.D.N.Y.) Jan. 20, 2020 Trial Tr. at 387:2-4 (relevant portion of the transcript attached hereto as Exhibit A).  The Court should likewise dismiss Juror #9 in this case.

---

[1] To preserve Juror #9's privacy, we refer to him by his initials.

*Potential Financial Interest of Juror #9*

When a prospective juror has a financial interest in the outcome of the case, courts have recognized that such financial interest undermines any presumption of impartiality. *See Chestnut v. Ford Motor Co.*, 445 F.2d 967, 971–72 (4th Cir. 1971) (reversible error to empanel a juror with stock holdings in one of the parties); *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1050 (4th Cir. 1984) (same). Similarly, the Seventh Circuit has ruled that even a "tiny financial interest" compels disqualification of the juror. *United States v. Polichemi*, 219 F.3d 698, 704 (7th Cir. 2000) (finding that prospective juror who owned stock in the defendant corporation and whose spouse was employed by the defendant, created a presumption of bias that required excusal for cause).

In this case, our research suggests that senior employees of JPMorgan may receive compensation in the form of company stock. The Court should ask Juror #9 about his JPMorgan stock ownership, including stock options and future-vesting stock. If Juror #9 owns JPMorgan stock, he (1) is an alleged victim himself, and (2) has a vested financial interest in the trial's outcome. A guilty verdict could enhance the likelihood of JPMorgan recovering millions of dollars in alleged financial losses in this case, benefiting its shareholders and employees, including Juror #9.

*Defendants' Right to a Fair Trial*

We believe that forcing the Defense to use a peremptory challenge, when Juror #9 should be excused for cause, would constitute reversible error. *See Jones v. Poole*, No. 05-cv-0886 (VEB), 2010 WL 1949599, at *5 ("[E]rroneous denial of a challenge for cause . . . constitute[s] reversible error [if] the defendant has exhausted his peremptory challenges at the time or, if he has not, he peremptorily challenges such prospective juror and his peremptory challenges are exhausted before the selection of the jury is complete.") (internal quotations omitted). Allowing a juror with a potential financial interest in the outcome of the case and direct employment by the alleged victim violates the defendants' right to a fair and impartial jury. Accordingly, we move to strike Juror #9 for cause.

We thank the Court for its consideration.

                                                  Respectfully submitted,

                                                  /s/

                                                Renato C. Stabile

attachment

cc: All Counsel (via ECF)