# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

February 26, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Charlie Javice and Olivier Amar,*
      23 Cr. 251 (AKH)

Dear Judge Hellerstein:

Defendant Olivier Amar respectfully submits this letter in support of his motion for a mistrial and to sever his trial from that of his co-defendant, Charlie Javice, pursuant to Federal Rules of Criminal Procedure 14(a). The examination of Houston Cowan demonstrates that trying these two defendants together is a zero-sum game. The Court's attempt to thread the needle between judicial efficiency and Defendants' constitutional rights has proven untenable, has prejudiced (and will continue to prejudice) both defendants, and is substantially curtailing Mr. Amar's defense.

Prior to trial, anticipating this very issue, Mr. Amar made the parties aware that he would be pursuing an antagonistic defense. Mr. Amar was under no obligation to reveal his defense strategy before trial, but he did so out of an abundance of caution and because he did not want to deprive himself or Ms. Javice the right to a fair trial. Upon notice of Mr. Amar's intended defense, Ms. Javice moved to sever. *See* ECF No. 185. At the January 23, 2025, pretrial conference, in discussing whether Mr. Amar would be joining in Ms. Javice's motion to sever, the following exchange took place:

> Mr. Cogan: We want to make sure that the defense that we're prepared to put forward, which is antagonistic in nature, isn't going to be curtailed in any way. If it's going to be curtailed, then we would want there to be a severance . . . .

AMERICAS (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
APAC (HONG KONG, SEOUL, SHANGHAI), CARIBBEAN (BVI, CAYMAN ISLANDS), EMEA (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

> The Court: If I were to curtail a defense, I would [be] triggering a mistrial, wouldn't I? Isn't that right? I can't restrict your ability to put in relevant information. . . . That's self-evident.

Jan. 23, 2025 Tr. at 20:13–22.[1] Relying on these assurances, Mr. Amar did not join in Ms. Javice's motion to sever.



Despite the Court's assurances that it would not curtail such a defense, during the examination of the Government's first witness, Houston Cowan, the Court noticeably did just that in several ways.

First, the Court prevented Mr. Amar's counsel from introducing into evidence an email, DX OA 234, regarding who was given access to the "virtual data room." *See* Feb. 25, 2025 Tr. at 339:16–341:3. The virtual data room was the conduit for nearly all of the alleged misstatements in this case—a room to which Mr. Amar was not granted access. The email from Mr. Cowan demonstrated that while Ms. Javice and Mr. Glazer were granted access to the virtual data room, Mr. Amar was absent from the invitation. Demonstrating Mr. Amar's lack of access to the virtual data room is critical for Mr. Amar's defense because it undermines the Government's argument that he was a member of the alleged conspiracy. His lack of access to the virtual data room is tantamount to evidence that Mr. Amar was absent from the scene of the crime. Initially, the Court was inclined to admit the document and even instructed counsel to redact references to the fact that lawyers were also mentioned in the email (which counsel complied with), but then the Court did an about-face and refused to admit the exhibit once the Government objected. *See* Feb. 25, 2025 Tr. at 347:13–355:3. This proffered evidence also directly undercuts assertions that Mr. Cowan made on direct examination about Ms. Javice expressing a preference to exclude Frank's COO/GC, Matt Glazer from communications but not expressing that same preference as to Mr. Amar. *See* Feb. 21, 2025 Tr. at 199:23–200:15.

Second, the Court prevented Mr. Amar's counsel from eliciting testimony from Mr. Cowan and introducing another email, GX 1547, showing that not only was Ms. Javice deliberately cutting Mr. Amar out of important diligence communications, but also showing that she was

---

[1] At the January 23, 2025 pretrial conference, Mr. Amar's counsel informed the Court that Mr. Amar's

Hon. Alvin K. Hellerstein, U.S.D.J.
February 26, 2025
Page 3

(unbeknownst to Mr. Amar) simultaneously misrepresenting Mr. Amar's statements to others. This email also included Mr. Glazer and was further proof that it was Mr. Amar—and not Mr. Glazer—who was being cut out of important communications. The Court's basis for its ruling—that Mr. Amar was not on the document in question—is exactly Mr. Amar's point. The proffered evidence further underscores Mr. Amar's contention that Ms. Javice was siloing him during the diligence process. *See* Feb. 25, 2025 Tr. at 376:4–377:20.

Third, at sidebar and again at the conclusion of the day, the Court encouraged Ms. Javice's counsel to object to testimony elicited by Mr. Amar. *See* Feb. 25, 2025 Tr. at 378:1–379:15. Specifically, on cross examination, counsel for Mr. Amar elicited the same line of questioning that the Government elicited on direct: that it was Ms. Javice, not Mr. Amar, who defined "user" in the context of diligence. *See* Feb. 25, 2025 Tr. at 315:13–317:4. After the conclusion of Mr. Cowan's examination, counsel for Ms. Javice understandably raised the prejudice to Ms. Javice with the Court. *See* Feb. 25, 2025 Tr. at 417:13–418:2. The Court encouraged counsel for Ms. Javice to object to such lines of examination. *See* Feb. 25, 2025 Tr. at 418:7–15. Encouraging Ms. Javice's counsel to object to Mr. Amar's line of examination—questions and testimony that were perfectly admissible when elicited by the government—makes no sense legally or as a matter of evidence and serves only to prejudice Mr. Amar. If, for example, the Government elicits testimony on direct examination that it was Ms. Javice who was the one that defined what a Frank user was, *see* Feb. 21, 2025 Tr. at 142:11–22, 147:10–11, the same line of examination does not become irrelevant or improper merely because the same testimony was sought during Mr. Amar's cross examination, *see* Feb. 25, 2025 Tr. at 315:5–319:9.

That said, Ms. Javice's counsel was not wrong to complain of the prejudice such evidence created, but neither was Mr. Amar's counsel for seeking its admission. Because of the inherent antagonism in the two defenses, what is necessarily helpful and relevant evidence to one defendant is conversely unhelpful and prejudicial to the other. The cross-examination of Mr. Cowan by counsel for Mr. Amar was, in many ways, tantamount to a second prosecution. But the answer to this problem cannot be to curtail Mr. Amar's constitutional right to put on his defense. *Cf. United States v. Shkreli*, 260 F. Supp. 3d 247, 256–57 (E.D.N.Y. 2017) (finding that "under the unique circumstances presented, trying the defendants together would present a serious risk that Shkreli will not receive a constitutionally fair trial" because co-defendant's counsel stated its intention to "act as a second prosecutor against Shkreli, by arguing that Shkreli is guilty and that [co-defendant] is, himself, just another victim of Shkreli's fraud"); *United States v. Nordlicht*, No. 16-CR-00640 (BMC), 2018 WL 1796542, at *2–3 (E.D.N.Y. Apr. 16, 2018) (severing defendant who posed a risk of "double prosecution" to his co-defendants because he intended to argue that his co-defendants were "guilty as charged, and that he was, at worst, merely an unknowing pawn in their alleged frauds"). Instead, and consistent with *Shkreli* and *Nordlicht*, the only answer consistent with justice and fairness is severance.

Severance under the circumstances therefore is warranted to ensure Mr. Amar's constitutional right to present a defense. *See United States v. Mi Sun Cho*, 713 F.3d 716, 721 (2d Cir. 2013) ("A defendant has a fundamental due process right to present a defense." (citing *Washington v. Texas*, 388 U.S. 14, 19 (1967)); *Grotto v. Herbert*, 316 F.3d 198, 205–06 (2d Cir. 2003) ("It is, of course, well established as a fundamental matter of due process that the defendant

Hon. Alvin K. Hellerstein, U.S.D.J.
February 26, 2025
Page 4

in a criminal case has the right to present a defense, that is, to present to the jury admissible evidence that might influence the determination of guilt." (citing *Taylor v. Illinois*, 484 U.S. 400, 409 (1988); *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)).

For the reasons stated above, Mr. Amar respectfully moves for a mistrial and to sever his trial from that of Ms. Javice.[2]

Respectfully submitted,

*/s/ Alexandria E. Swette*
Alexandria E. Swette
Sean S. Buckley
Jonathan D. Cogan
Ana Frischtak
KOBRE & KIM LLP
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200
Alexandria.Swette@kobrekim.com
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Ana.Frischtak@kobrekim.com

Matthew I. Menchel
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967 6100
Matthew.Menchel@kobrekim.com

*Counsel for Defendant Olivier Amar*

---

[2] To the extent the Court denies the requested relief, we respectfully renew our request that the Court permit Mr. Amar to recall Mr. Cowan in order to conduct further cross examination based upon the Government's re-direct examination.