

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 26, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government writes to respectfully request that the Court preclude defendant Amar from using at trial records from Zoom Communications, Inc. (the "Zoom Records") that were improperly obtained under Rule 17 and wrongfully withheld from the Government in violation of Rule 16.

    On January 13, 2025, the Government moved for an order directing the defendants to produce to the Government all Rule 17 subpoena returns in the defendants' possession. Dkt. No. 190. The Government's motion specifically referred to the Zoom Records. *Id.* at 2.

    The Court held argument on January 23, 2025. In response to inquiry from the Court, counsel for Amar unambiguously represented that Amar would not use the Zoom Records at trial:

> With regard to the subpoena that they identified that was issued to Zoom, I can represent to the Court that we do not intend to use any materials from Zoom in our case-in-chief *nor do we intend to use those materials to impeach any witness*.

(Jan. 13, 2025 Hr'g Tr. at 10 (emphasis added)). Counsel's representation to the Court mooted the issue, and Amar elected not to produce the Zoom Records to the Government.[1] As to Amar's other Rule 17 subpoenas, defense counsel represented that he would produce the records to the Government.[2]

    On February 25, 2025, at 8:03 pm, just hours before the relevant witness was scheduled to testify, Amar informed the Government that he may use the Zoom Records after all. Specifically,

---

[1] The Government maintains that improperly used a Rule 17 subpoena to obtain the Zoom Records. *See* Dkt. No. 190.

[2] To date, Amar has disclosed no Rule 17 subpoena returns to the Government.

if the witness "testif[ies] in a manner that may cause Mr. Amar to want to use the [records]." In other words, in a complete about-face, Amar may seek to use the Zoom Records to impeach the witness. The Government immediately demanded that Amar produce the Zoom Records to the Government. Amar clarified that he did not intend to show the witness the records but may introduce the records through a Zoom custodian. Amar, again, refused to disclose the Zoom Records to the Government.

Amar's disclosure violations demand preclusion of the Zoom Records. The Court resolved the Government's January 13, 2025, motion to compel based on Amar's clear representations to the Court that Amar: (1) would not use the Zoom Records in his case-in-chief or "to impeach any witness," and (2) would produce the other Rule 17 subpoena returns to the Government. Neither representation turned out to be accurate. Had Amar believed there was some chance, however remote, that he would use the Zoom Records at trial, he should have disclosed them to the Government. Instead, Amar kept the records from the Government and represented that he would not use them for any purpose. Accordingly, the Court should preclude Amar from using the Zoom Records for any purpose. *See United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage"); *United States v. Ortega*, No. 22 Cr. 91 (RA), Doc. 93, at 2 ("Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief.").

Very truly yours,

MATTHEW PODOLSKY
Acting United States Attorney

By: _____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212