# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

February 27, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:** *United States v. Charlie Javice and Olivier Amar*, **23 Cr. 251 (AKH)**

Dear Judge Hellerstein:

    We write respectfully on behalf of Defendant Olivier Amar to oppose the Government's motion to preclude the use of Zoom records obtained pursuant to Rule 17(c). ECF No. 294. This issue is not ripe. As Mr. Amar's February 25, 2025 letter to the Government made clear, Mr. Amar does not currently seek to use the Zoom returns in this trial. That is the same representation made by counsel for Mr. Amar at the hearing on January 23, 2025. Mr. Amar provided this updated disclosure to the Government out of an abundance of caution, and the Government's motion need not be addressed unless and until Mr. Amar intends to offer the returns. By moving now, the Government seeks to weaponize Mr. Amar's candor and, in so doing, risks inviting the jury to return a guilty verdict based on potentially inaccurate statements by a witness that Mr. Amar could otherwise correct. The Court should reject as premature the Government's attempt to stymie the truth-seeking function of this Court.

    As an initial matter, the Government misleadingly quotes Mr. Amar's February 25 disclosure to the Government, which states in relevant part:

> While Mr. Amar does not currently plan to use the returns at trial, either in his case-in-chief or for impeachment purposes, we cannot rule out the possibility that **a witness** (including, but not limited to, Ms. Wims Morris) **will testify in a manner that may cause Mr. Amar to want to use the returns at trial**.

Hon. Alvin K. Hellerstein, U.S.D.J.
February 27, 2025
Page 2

*See* Ex. A (Feb. 25, 2025 Ltr. to Government (emphasis added)). As is clear from the plain text of the letter, Mr. Amar reiterated his stated intention—consistent with counsel's representations at the January 23, 2025 conference—not to use the Zoom returns in his case-in-chief or for impeachment purposes. As such, the requirements of Rule 16(b)(1) have not been triggered.[1]

The Government's fallback claim that Mr. Amar "should have disclosed" the Zoom records in advance of trial had he believed "there was some chance, however remote" that he would have to use them at trial, *see* ECF No. 294 at 2, misses the mark. The duty to ensure that only accurate and truthful information be elicited from the Government's own witnesses belongs to the Government—not Mr. Amar. Granting the Government's relief would permit the absurd outcome of requiring a criminal defendant to forewarn the Government that its own witnesses may testify inaccurately or falsely. Such an outcome is improper burden shifting that frustrates the overarching goal of fairness that is endemic to the criminal justice system.

Mr. Amar does not currently intend to use the Zoom returns in this trial and will seek to do so only in the event that a witness testifies in a manner that is inaccurate or false to prevent the jury from returning a verdict of guilt based upon such inaccurate or false testimony. The Federal Rules of Criminal Procedure must yield if their enforcement would impair or frustrate this "fact-finding and truth-seeking function of the trial," *Cotto v. Herbert*, 331 F.3d 217, 257–58 (2d Cir. 2003), which is particularly important in criminal trials, where the life and liberty of the accused are in jeopardy, *cf. United States v. Freeman*, 302 F.2d 347, 351 (2d Cir. 1962) ("in criminal cases . . . every proper means of ascertaining the truth should be placed at the defendant's disposal"). Allowing false testimony to stand—whether elicited knowingly or inadvertently—would frustrate and undermine this critical function of the Court. Moreover, allowing a criminal defendant to be convicted—or even run the risk of conviction—based upon false or inaccurate testimony that could be corrected through the disclosure of accurate information would violate constitutional due process. *Ortega v. Duncan*, 333 F.3d 102, 109 (2d Cir. 2003) ("Few rules are more central to an accurate determination of innocence or guilt than the requirement . . . that one should not be convicted on false testimony." (quoting *Sanders v. Sullivan,* 900 F.2d 601, 607 (2d Cir. 1990))). Because Mr. Amar will seek to use this information affirmatively only to correct inaccurate or false testimony, it is inappropriate and premature to preclude any potential use now.[2]

---

[1] In any event, Rule 16(d)(2)(D) permits the Court to enter an order allowing the use of such materials even if there had been a violation of Rule 16(b)(1), which there has not.

[2] To be clear, Mr. Amar should still be permitted to cross examine and impeach the Government's witnesses based upon the Government's own disclosures and evidence produced to date. But he will seek to use the Zoom records (and potential testimony of a Zoom witness) only to rebut affirmatively false or inaccurate testimony proffered by Government witnesses while under oath at trial and in the presence of the jury.

Hon. Alvin K. Hellerstein, U.S.D.J.
February 27, 2025
Page 3

The Court therefore should deny the Government's motion and leave open the (hopefully unlikely) possibility that Mr. Amar will be called upon to correct inaccurate or untruthful testimony in the event that such testimony is elicited.[3]

          Respectfully submitted,

          **KOBRE & KIM LLP**

          <u>/s/ Sean S. Buckley</u>
          Sean S. Buckley
          Jonathan D. Cogan
          Alexandria E. Swette
          Daisy Joo
          800 Third Avenue
          New York, NY 10022
          Tel: (212) 488-1200
          Sean.Buckley@kobrekim.com
          Jonathan.Cogan@kobrekim.com
          Alexandria.Swette@kobrekim.com
          Daisy.Joo@kobrekim.com

          Matthew I. Menchel
          201 South Biscayne Boulevard, Suite 1900
          Miami, FL 33131
          Tel: (305) 967-6100
          Matthew.Menchel@kobrekim.com

          Erika L. Berman (admitted pro hac vice)
          1919 M Street, NW
          Washington, DC 20036
          Tel: (202) 664-1900
          Erika.Berman@kobrekim.com

          *Counsel for Defendant Olivier Amar*

---

[3] The Government's claim that an untimely disclosure is a basis to preclude is further undermined by the fact that the Government continues, as recently as yesterday, to produce materials pursuant to Rule 16 for use in its case-in-chief. *See* Feb. 26, 2025 Rule 16 Ltr. from Government.