

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 11, 2025

**BY ECF AND EMAIL**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *United States v. Charlie Javice and Olivier Amar*, 23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    The Government respectfully writes to seek the admission of Government Exhibit 1391-R, which consist of minutes from a July 12, 2021 product diligence meeting, attached hereto as Exhibit A.[1]  The Government anticipates that the upcoming testimony of a former JPMC employee ("VP-1") will lay the foundation for GX 1391-R to be received as a business record.[2]  Indeed, the Court admitted as business records meeting minutes of an internal JPMC meeting during a defense cross-examination.  *See* Trial Transcript at 1425-26; *see also United States v. Kaiser*, 609 F.3d 556, 575 (2d Cir. 2010) (holding that a witness's handwritten notes of telephone conversations were business records because they were "maintained in a consistent way and [were] focused on a certain range of issues that were relevant to [the witness's] business[,]" even though the note-taker indicated that he wrote down only "highlights" and matters he thought "important").

    The Government recognizes that, during motions *in limine*, the Court previously indicated that it would not admit an earlier, unredacted version of these notes, GX 1391.  *See* Transcript of February 4, 2025 Conference, at 38-39.  GX 1391-R addresses the Court's concerns by redacting the notes to only include:  (1) the topic headings of the notes; (2) the portion of the notes that reflect Amar's statements (as reflected by his name under "Investing Around Growth"); and (3) Javice's representations that Frank had 4.25 million users—which she defined as "one who does first name, last name, email [and] phone number"—and 35 million "not unique" website visitors. GX 1391-R is necessary to rebut Amar's repeated arguments that he was not involved in JPMC's diligence of Frank and that he was unaware of any misrepresentations that Javice may have made

---

[1]   For this public filing, the Government has redacted the personal email addresses and names from pages 1 and 2 of GX 1391-R.  This information would be unredacted when offered a trial.

[2]   In addition to VP-1's anticipated testimony, Ms. Wims Morris testified that her team prepared detailed notes of diligence meetings which were circulated internally at JPMC.   This testimony is further evidence that notes of diligence sessions, like GX 1391-R, is a regular practice of JPMC's Corporate Development group.

to JPMC. GX 1391-R is also necessary to rebut Javice's repeated argument that her representations regarding "4.25 million users" referred to website visitors. Amar and Javice have repeatedly used cross-examination to attempt to deny the very statements documented in GX 1391-R, and to attempt to call into question the recollections and veracity of witnesses who heard the defendants' false representations in meetings and conversations. On the more complete record developed during trial, the high probative value of GX 1391-R's contemporaneous documentation of the defendants' lies has become clear. The Government anticipates that further witness testimony, from VP-1, will likewise confirm that GX 1391-R qualifies as a business record pursuant to Federal Rule of Evidence 803(6), and in particular, records statements made by the defendants during and in furtherance of their conspiracy, which are not hearsay pursuant to Federal Rules of Evidence 801(d)(2)(A) and (E). For these reasons, GX 1391-R should be admitted at trial.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:    _/s/_____
Rushmi Bhaskaran
Nicholas W. Chiuchiolo
Micah F. Fergenson
Georgia V. Kostopoulos
Assistant United States Attorneys
212-637-2439 / -1247 / -2190 / -2212

# Exhibit A

**From:** ████████████████████████████
**Sent:** 7/12/2021 6:16:20 PM
**To:** ████████████████████████████████
████████████████████████████████
**CC:** ████████████████████████████
**Subject:** Meeting notes from AM Strategy session
**Attachments:** Project Finland_DetailedDeepDive_07.12.2021_Product.docx

**GOVERNMENT EXHIBIT**
**1396-R**
S1 23 Cr. 251 (AKH)

FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

Thanks,

████████

████████████████ Vice President, Investments and M&A | Chase Corporate Development | 201 North Walnut Street 9th Floor, Wilmington, DE 19801 | T : ███████████████████████████████████

FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

# PROJECT FINLAND : DEEP DIVE MEETING NOTES

## STRATEGY

### WEBSITE DEMO



### USER ENGAGEMENT APPROACH



FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

*DETAILED NOTES : STRATEGY*

WEBSITE DEMO



FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL



FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

PRODUCT FEATURES/ FLOW



INVESTING AROUND GROWTH

**Olivier : Chief Growth Officer – growth strategy**

- Testing around what is of value to students – course v/s price point
- Growth around where to invest for growth while keeping cust acq costs down
- Will use paid to grow audiences where they want to attract a certain degree type or college they want to track
- PR – future of work, personal finance topics, building credit, diversity, inclusion etc.
- Dabbled in social – other forms of paid
- There was just a website with nothing in it. With this content, media etc. it becomes an established media play
- Grossly underserved search space with a tremendous ability to scale and grow thought leadership in this space
- As they onboard new colleges – that channel will power up and be ~30% of acquisition path
    - But these might be much later on in the lifecycle, since this customer is coming from a college
    - This is less a funnel, but more marketing
    - Enterprise is more a board-led initiative for trying to make them keep the lights on
- Why won't every college sign up?

FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

- Limited by college aid administrators. Some are open to tech, some are very resistant to change
- Working around this with content approach. They're student friendly. So colleges are not super thrilled about this.
- Lot of it is block and tackle the largest, relationship management, reach out.
- Tulane, NYU, Noodle schools, Wiley schools etc.
- Pull research and report to show how using Frank makes a lot more sense than the old process

## USER DATA

- Cumulative users = 4.25M.
  - User is one who does first name, last name, email, phone number
- FAFSA user count decline because other parts of the product are feeding into FAFSA filling



- Visitor data – 35M visitors : who went to the website – not unique

FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL



FOIA Confidential Treatment Requested by JPMorgan Chase Bank, N.A.
CONFIDENTIAL

JPMC_00808237
USAO_Rel_001761398