UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>-against-<br><br>CHARLIE JAVICE, and<br>OLIVIER AMAR,<br><br>                  Defendants. | Case No.: 1:23-Cr-00251 (AKH)<br><br>**DECLARATION OF ANDREW S. PAK IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENAS** |

I, **ANDREW S. PAK**, hereby declare as follows:

1.  I am a member of the law firm Perkins Coie LLP, attorneys for non-party Google LLC ("Google"). I make this declaration in support of non-party Google's Motion to Quash Defendants' Trial Subpoenas ("Motion to Quash"). I have personal knowledge of the facts set forth below and am competent to testify.

2.  On February 13, 2025, I was engaged to represent Google in connection with a trial subpoena issued by counsel for defendant Olivier Amar (the "Amar Subpoena"). Attached as **Exhibit 1** is a true and correct copy of the Amar Subpoena.

3.  On February 14, 2025, I emailed defense counsel Alexandria Swette and Sean Buckley regarding the Amar Subpoena. Following additional correspondence, counsel agreed to a telephone conference on Monday, February 17, 2025, to discuss the subpoena.

4.  On February 17, 2025, I spoke with Alexandria Swette and other members of her team. On the call, Ms. Swette informed me that while the subpoena provided March 3, 2025 as the required date for testimony, that this date was a placeholder. She noted that at this point, if the defendant Amar called a Google witness, it would be after the government closed its case.

She added that while the prosecution team indicated that it would take approximately three weeks to put on its case, that this was just an estimate.

5. On the call, Ms. Swette acknowledged that the Amar Subpoena did not identify a particular witness by name, or a list of topics or information requested. She offered to provide a list of topics they wished to address, and additionally noted that these topics may be addressed in connection with the impending testimony of Mr. Cory Gaddis, a Google witness that would likely be called by the prosecution within the first week of trial. Ms. Swette sent a list of the topics they sought to address by email, later that evening on February 17, 2025. A true and correct copy of the February 17, 2025 email is attached as **Exhibit 2**.

6. On February 18, 2025, I spoke with Ms. Swette regarding the Amar Subpoena and the list of topics provided by counsel on February 17. On the call, I noted that Google has objections to the list of topics proposed by counsel, and would likely seek to move to quash the subpoena. In response, Ms. Swette offered to send a reduced set of topics for consideration by Google. She also noted that following Mr. Gaddis's testimony, it is not clear that they would need to call any Google witness. Following this call, Ms. Swette sent me an email indicating that they would "be in touch with a pared-down list of topics in the coming days. As you know, the scope will depend on Mr. Gaddis's testimony." A true and correct copy of the February 18, 2025 email is attached as **Exhibit 3**. To date, I have not received a revised list of proposed topics from defense counsel for defendant Amar.

7. On February 24, 2025, I received an email from counsel for defendant Javice, attaching a trial subpoena for Cory Gaddis (the "Javice Subpoena"). A true and correct copy of the Javice Subpoena is attached as **Exhibit 4**.

8. Following receipt of the February 24, 2025, I conferred with counsel for both defendants Javice and Amar, regarding certain requests they had to authenticate records produced by Google to the government. While discussing these issues with counsel, counsel for Google corresponded with the AUSA in this matter, who had been conferring with defense counsel regarding the same.

9. On March 3, 2025, Eoin Bierne, counsel for defendant Javice, emailed me, stating that "[a]s you may have heard, Mr. Gaddis testified today so we're all set." In response, I asked for clarification that the Javice Subpoena is withdrawn. In response, Mr. Bierne indicated: "Not yet. There is an outside chance we will need to recall him." A true and correct copy of the March 3, 2025 correspondence is attached as **Exhibit 5**.

10. On March 4, 2025, I emailed Ms. Swette and other members of her firm to follow up regarding the revised set of topics they sought to address via the Amar Subpoena, in light of the fact that Mr. Gaddis had already testified, and additionally provided a link to a Google help center page, that address the various topics they had initially raised. A true and correct copy of the March 4, 2025 email correspondence is attached as **Exhibit 6**.

11. On March 11, 2025, I continued correspondence with Mr. Beirne regarding the Javice Subpoena in an effort to avoid litigation, but the parties have been unable to agree to a resolution. A true and correct copy of the March 11, 2025 correspondence is attached as **Exhibit 7**.

12. On March 11, 2025, I also continued correspondence with Ms. Swette regarding the Amar Subpoena in an effort to avoid litigation, but the parties have been unable to agree to a resolution. A true and correct copy of the March 11, 2025 correspondence is attached as **Exhibit 8**.

- 4 -

I swear under the penalty of perjury that the foregoing is true and correct.

Dated: Irvine, California
       March 12, 2025

                                                    */s/ Andrew S. Pak*
                                                    Andrew S. Pak