# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 23, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
              23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    We write respectfully on behalf of Olivier Amar to oppose the Government's renewed motion to reconsider the Court's exclusion of GX 1762, a calendar invitation for a call on August 1, 2021 at 12:30pm from Ms. Javice to Mr. Vovor and Mr. Amar. The Court already has rejected the Government's attempt to offer this exhibit three times—including after hearing re-argument outside the presence of the jury and after briefing by the Government and Mr. Amar—and the Government's latest attempt to introduce this irrelevant exhibit adduces no new facts or relevant law that should alter those rulings. Accordingly, for the reasons set forth below, the Court should again deny the Government's motion to admit GX 1762.

    Dissatisfied with Mr. Vovor's repeated and clear testimony that his conversation on August 1, 2021 at 12:30pm Eastern was with Ms. Javice only, the Government seeks again to admit GX 1762, a calendar invitation for a call on August 1, 2021 at 12:30pm. The Court properly ruled this exhibit inadmissible three times during and after Mr. Vovor's testimony, because the invitation was not probative of anything and would mislead the jury, particularly in light of Mr. Vovor's definitive testimony that Mr. Amar was not on the call.

    In an attempt to skirt the Court's prior ruling, the Government facially bases its renewed argument on the admissibility of this document on Rule 106 and impeachment. *See* Tr. at 2995:17–2996:5, 3023:16–21, 3023:23–3024:4, 3026:1–3. In short, the Government argues that as Mr. Amar admitted DX OA 1514, metadata for a spreadsheet that Ms. Javice shared with Mr. Vovor on August 1, 2021 that shows that Mr. Vovor opened the spreadsheet on August 1 contrary to his

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 23, 2025
Page 2

testimony, the Government must be allowed to introduce evidence of the calendar invite for August 1 to compete the record and to impeach its own witness. But neither of those arguments supports the admission of GX 1762. Nothing has changed since the Court's prior rulings on this document, and the Court should deny the Government's motion.

### The Court's Prior Exclusion of GX 1762

As the Court is aware, Mr. Vovor repeatedly testified that he spoke only with Ms. Javice on August 1, 2021. *See, eg.*, Tr. at 1528:20–25, 1545:5–14, 1689:5–6, 1689:21–24, 1702:17–18, 1702:21–22, 1722:25–1723:1, 1723:17–23, 1744:23–24, 1762:16–19, 1846:14–17. On redirect, the Government showed Mr. Vovor GX 1762, an email invite for a video call on August 1, 2021 sent by Ms. Javice to Mr. Vovor and Mr. Amar. Tr. at 1848:2–19. The Court properly excluded the document. Later, outside of the presence of the jury, Court heard argument on the document again, and again properly excluded the exhibit:

> THE COURT: What is this going to show?
>
> [THE GOVERNMENT]: It shows, your Honor, that there was a Google call at 12:30 Eastern on August 1st, and the invitation is to Mr. Vovor and to Mr. Amar, and there's been argument here—
>
> THE COURT: And what's it about? A data question?
>
> [THE GOVERNMENT]: The invitation says Data Question.
>
> THE COURT: This doesn't do anything.
>
> [THE GOVERNMENT]: Your Honor, look, I'm loath to push back, but they are strenuously objecting to Mr. Amar's involvement with this, and this shows that Mr. Amar was invited to this 12:30 call that they had—they tried to establish occurred—
>
> THE COURT: It doesn't show that he was in on any call on August 1.
>
> [THE GOVERNMENT]: The last thing I'll say, your Honor, is, again, this is a conspiracy charge. It's a scheme charge. It's about the defendants working together. And here, Ms. Javice is inviting not just Mr. Vovor but Mr. Amar to this call about a data question. They are trying to argue that whatever—
>
> THE COURT: There's too much ambiguity in the document, and he's covered it in testimony. You may not use it.
>
> [THE GOVERNMENT]: Okay. We believe that both sides could argue what they will about this, but—
>
> THE COURT: I have your argument.

Tr. at 1860:9–1861:10.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 23, 2025
Page 3

The Government then moved for reconsideration in writing, Dkt. No. 324, which Mr. Amar opposed, Dkt. No. 326. Counsel for Mr. Amar clarified for the Court that Mr. Amar only intends to argue that he was not present on the August 1, 2021 call, which the Court held was "permissible. He wasn't on the call. He may have been invited, but he wasn't [on the call]." Tr. at 2159:16–17. The Court again ruled that GX 1762 was "ambiguous as to any role that Mr. Amar has, and it doesn't add any relevant evidence and has prejudicial effect. It punishes association rather than conduct, and does not have any notable admissions." Tr. at 2158:10–13. The Court further observed that Mr. Amar "just wasn't there…. Which is why these invitations, one of the reasons they are misleading." Tr. at 2159: 22–25. The Government's newest spin on the admissibility GX 1762 under Rule 106 and for impeachment does not alter the lack of relevance or misleading nature of this document.

### The Exhibit Is Properly Excluded Under Rule 401 And 403

As the Court has held numerous times, calendar invitations like GX 1762 have little relevance under Rule 401 and create jury confusion. *E.g.*, Tr. at 1860:22–23, 2159:22–25 ("Which is why these invitations, one of the reasons they are misleading."), 3026:24–25 ("If he's invited to a meeting, that doesn't show he participated with anything at the meeting.").[1] Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). A calendar invitation establishes nothing about whether the meeting occurred, who attended the meeting contemplated by the calendar invitation, or whether the subject matter of the calendar invitation actually was discussed if the meeting did in fact occur. Nor, in this instance, does it indicate whether Mr. Amar received or saw the invitation. The only thing the invitation in GX 1762 would indicate is whether Mr. Amar was invited to a call, which is evidence of nothing.

The lack of relevance is particularly apparent here, where Mr. Vovor repeatedly testified— including testimony elicited by the Government after preparing with the witness a dozen times over more than two years and testimony elicited by the Court—that Mr. Amar did not attend the August 1, 2021 12:30pm call. Though the Government would now like to characterize this testimony as Mr. Vovor testifying he did not *recall* if Mr. Amar was there, *see* Tr. at 3023:25– 3024:2, Mr. Vovor testified repeatedly and definitively that the August 1 call was with Ms. Javice and not Mr. Amar, *see, e.g.*, Tr. at 1528:20–25, 1545:5–14, 1689:5–6, 1689:21–24, 1702:17–18, 1702:21–22, 1744:23–24, 1762:16–19.

Introducing GX 1762 would therefore serve only to confuse the jury. As the Court noted "[t]here's too much ambiguity in the document." Tr. at 1861:5–7. While it may serve the Government's goal to introduce confusion two weeks after Mr. Vovor's testimony because it was unable to secure the testimony it wanted, admission of GX 1762 (particularly outside of Mr. Vovor's testimony) would violate Rule 403, as the Court has repeatedly ruled.

---

[1] In fact, the Court prohibited Mr. Amar's use of calendar invites with Mr. Cowan to refresh his recollection that Mr. Glazer was invited to more meetings with Capital One than Mr. Amar was. Tr. at 364:13–16.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 23, 2025
Page 4

The significant risk of jury confusion heavily outweighs the non-existent probative value of GX 1762, which cannot establish anyone's attendance at a call or the occurrence of a call, particularly given Mr. Vovor's definitive testimony that Mr. Amar was not on the August 1 call.

### Rule 106 Does Not Apply

The Government cannot skirt Rule 403 with a new assertion that the invitation is admissible under Rule 106 because Mr. Amar admitted DX OA 1514, the metadata from a spreadsheet called "visitors-geo" that Ms. Javice shared with Mr. Vovor on August 1, 2021. Nothing about GX 1762 provides additional context to the metadata or the arguments that Mr. Amar will make regarding the metadata.

Mr. Vovor testified that he saw the spreadsheet "visitors-geo," when Mr. Amar screenshared the spreadsheet on the August 2, 2021 video call. Tr. at 1703:18–21, 1705:21–1706:5. The metadata in evidence in DX OA 1514 shows that Mr. Vovor in fact was sent this spreadsheet by Ms. Javice while on the phone with her on August 1, 2021, and Mr. Vovor then viewed the spreadsheet on August 1, 2021 shortly after receiving it. Furthermore, the metadata in DX OA 1514 reflects that no one—including Mr. Amar—viewed the spreadsheet on August 2, 2021 at all, which strongly suggests that Mr. Vovor's testimony that this document was shared on the August 2 video conference by Mr. Amar was inaccurate. A calendar invite reflecting that Mr. Amar was invited to a call on August 1 provides no further context for whether Mr. Vovor viewed "visitors-geo" on August 1.[2]

The purpose of Rule 106 is to introduce evidence providing additional context to a statement elicited by a party opponent "that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The metadata in DX OA 1514 demonstrates that Mr. Vovor received a document at a certain time and viewed a document at a certain time. Those facts require no further contextualization, much less with a calendar invitation indicating only that *Mr. Amar* was invited to call on August 1. The metadata does not touch on the issues the Government hopes to raise with GX 1762, including: (1) whether Mr. Amar did or did not attend a call on August 1, 2021, (2) whether Mr. Amar was aware of a call between Ms. Javice and Mr. Vovor on August 1, 2021, or (3) whether Mr. Vovor's testimony that Mr. Amar did not attend the August 1, 2021 call between Mr. Vovor and Ms. Javice is accurate.

Nor is Rule 106 a vehicle for tit-for-tat impeachment of Mr. Vovor. That DX OA 1514 impeaches Mr. Vovor's credibility does not mean that Rule 106 requires that the Government likewise be able to impeach Mr. Vovor. Mr. Amar attacked Mr. Vovor's credibility multiple times during his testimony and has now perfected impeachment on one of those issues (what day he saw the relevant spreadsheet) by the admission of DX OA 1514. That does not mean the Government

---

[2] Nor was Mr. Amar's prior objection or the Court's ruling as to inadmissibility of GX 1762 inconsistent with the introduction of the metadata in DX OA 1514. The objection and ruling were based on the lack of relevance of a calendar invite that cannot indicate whether a meeting occurred or who attended it. The introduction of the metadata in DX OA 1514 was relevant to the separate issue of whether Mr. Vovor first viewed the spreadsheet on August 2, as he testified, or August 1, as the metadata reflects.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 23, 2025
Page 5

must be allowed to belatedly impeach its own witness weeks later. That the Government elicited inaccurate or incorrect testimony from its own witness—after a dozen meetings with the witness over multiple years and with full access to the metadata in DX OA 1514, which *the Government* produced to Mr. Amar—does not require allowing the Government to press alternative narratives nearly two weeks after the end of Mr. Vovor's testimony.

As such, fairness does not require the admission of GX 1762 to contextualize anything. To the contrary, fairness requires its exclusion.

## Conclusion

Almost two weeks after the conclusion of testimony from its own witness, the Government attempts for the fourth time to admit a calendar invitation the Court has consistently ruled inadmissible as irrelevant and confusing. The Government's newest spin on the document as necessary for completion and impeachment of their own witness is unavailing. The Court properly ruled that GX 1762 is inadmissible and should uphold its prior rulings.

Respectfully submitted,

*/s/ Matthew I. Menchel*
Matthew I. Menchel
KOBRE & KIM LLP
201 South Biscayne Boulevard
Suite 1900
Miami, FL 33131
Tel: (305) 967-6100
Matthew.Menchel@kobrekim.com

Sean S. Buckley
Jonathan D. Cogan
Alexandria E. Swette
Daisy Joo
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200
Sean.Buckley@kobrekim.com
Jonathan.Cogan@kobrekim.com
Alexandria.Swette@kobrekim.com
Daisy.Joo@kobrekim.com

Hon. Alvin K. Hellerstein, U.S.D.J.
March 23, 2025
Page 6

                Erika L. Berman (admitted pro hac vice)
                1919 M Street, NW
                Washington, DC 20036
                Tel: (202) 664-1900
                Erika.Berman@kobrekim.com

*Counsel for Defendant Olivier Amar*