# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

March 26, 2025

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Charlie Javice and Olivier Amar*,
              23 Cr. 251 (AKH)

Dear Judge Hellerstein:

    Defendant Olivier Amar respectfully submits this letter in further support of his objection to a "presence of counsel" charge.

    As the Court is aware, Matt Glazer was the COO and General Counsel at Frank until the acquisition closed in September 2021. *See* GX 1590. In its opening statement, the Government focused on Mr. Glazer, claiming that the Government would offer testimony from Mr. Glazer demonstrating that the defendants lied to him. *See* Feb. 20, 2025, Tr. 49:10-11 ("You will hear from a lawyer who worked at Frank. You will see that the defendants lied to him."). The Government never called Mr. Glazer.

    The Government did, however, call Patrick Vovor, who testified on direct that one of the reasons he was concerned about the conversation he claims he had on August 2, 2021, with Ms. Javice and Mr. Amar, was because Mr. Glazer was not part of the conversation. *See* Mar. 6, 2025 Tr. at 1564:14-21. On cross-examination, Mr. Vovor admitted that Mr. Amar told him that if he was uncomfortable, he should consult with Mr. Glazer. *See* Mar. 11, 2025 Tr. at 1789:11-1790:7. On re-direct, the Government elicited testimony from Mr. Vovor that created the misimpression that Mr. Vovor could not consult with Mr. Glazer because Mr. Glazer had left Frank "in August of 2021." March 11, 2025, Tr. 1854:1-6 ("Q. And you were asked questions about whether you told Mr. Glazer. Do you remember those questions? A. Yes. Q. What happened to Mr. Glazer in August of 2021, with respect to his role at Frank? A. He left Frank."). This is not true—Mr. Glazer left in *September* 2021. *See* DX CJ 381 (Matt Glazer CV). Mr. Amar has tried

**Americas** (New York, Delaware, Miami, San Francisco, São Paulo, Washington DC)
**APAC** (Hong Kong, Seoul, Shanghai), **Caribbean** (BVI, Cayman Islands), **EMEA** (Cyprus, Dubai, London, Tel Aviv)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 2

to elicit this simple fact—which has nothing at all to do with Mr. Glazer providing legal advice—in testimony, but the Court sustained the Government's objection. March 20, 2025 Trial Tr. 3107:1-14.

The testimony that Mr. Amar was prevented from eliciting was not meant to support a presence of counsel argument but rather to correct a misimpression that the jury may have given the testimony that the Government elicited from Mr. Vovor. *See* ECF No. 356; Mar. 25, 2025 Tr. at 3373:2-3375:12. The Government's repeated objections to Mr. Amar's offering evidence of Mr. Glazer's continued involvement at Frank—bearing no relation to a presence of counsel or advice of counsel argument—unfairly prejudiced Mr. Amar.

The potential harm of such an instruction at this stage of the proceedings would be twofold. First, based upon the Court's rulings prior to summation, and the Government's objections during summation, such an instruction is unnecessary and would serve only to confuse the issues actually before the jury in light of the Court's rulings. Second, to include such an instruction after Mr. Amar was prevented from offering such evidence would suggest that Mr. Amar either erred in making arguments he was prevented from making, or would suggest to the jury that there is some body of evidence that he should have or could have offered but did not. The Court already has instructed the jury during summations that advice of counsel is not at issue here. *See* Mar. 26, 2025 Tr. at 3676:16-19. No further instruction is necessary, and the Court should not now include a "presence of counsel" charge, as requested by the Government. Such an instruction would be permitting the Government to use the Court's ruling as a reverse sword and shield. *See United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 182 (2d Cir. 2000) ("[F]airness considerations arise when the party attempts to use the privilege both as 'a shield and a sword.'"); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("However, the attorney-client privilege cannot at once be used as a shield and a sword. . . . A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."); *Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 368 (E.D.N.Y. 2009) ("a district court should balance the policies to prevent sword-and-shield litigation tactics with the policy to protect work product") (citation omitted).

Hon. Alvin K. Hellerstein, U.S.D.J.
March 26, 2025
Page 3

For the foregoing reasons, the Court should decline to issue a "presence of counsel" charge.

Respectfully submitted,

<u>/s/ Sean S. Buckley</u>
Sean S. Buckley
Jonathan D. Cogan
Matthew I. Menchel
Alexandria E. Swette
Michael Cinnamon
KOBRE & KIM LLP
800 Third Ave.
New York, NY 10022
Tel: (212) 488-1200

*Counsel for Defendant Olivier Amar*