UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                      :
UNITED STATES OF AMERICA              :
                                      :        CONSENT ORDER OF
        - v. -                        :        INTERLOCUTORY SALE
                                      :
OLIVIER AMAR,                         :        S1 23 Cr. 251 (AKH)
                                      :
                Defendant.            :
                                      :
------------------------------------ x

WHEREAS, on or about July 12, 2023, OLIVIER AMAR ("Defendant"), and

another, was charged in a four-count Indictment, S1 23 Cr. 251 (AKH) (the "Indictment"), with

conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code,

Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343

and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Section 1344) (Count

Three); and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff;

Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section

2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One

through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18,

United States Code, Section 982(a)(2)(A) of any and all property constituting, or derived from,

proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses

charged in Counts One through Three of the Indictment, including but not limited to a sum of

money in United States currency representing the amount of proceeds traceable to the commission

of the offenses charged in Count One through Three of the Indictment, and of various specific

property;

WHEREAS, the Indictment included a forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment, and of various specific property;

WHEREAS, the Government has identified an additional property that the Government alleges is forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(A) and 981(a)(1)(C) and Title 21, United States Code, Section 853(p), specifically, ███████████, Sands Point, NY 23145 (the "Subject Property");

WHEREAS, the Subject Property is owned by Defendant and his wife, Noa Scala ("Scala");

WHEREAS, the Government asserts that $333,525 of proceeds from the offenses charged in Counts One through Four were used to purchase, maintain, and/or improve the Subject Property (the "Traceable Proceeds"), and are thus directly forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A) (Counts One through Three) and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) (Count Four);

WHEREAS, following the deduction of the Traceable Proceeds from the value of the Subject Property, the Government has identified Defendant's remaining ownership interest in the Subject Property as an asset of the Defendant that is potentially forfeitable as a substitute asset pursuant to Title 21, United States Code, Section 853(p);

WHEREAS, excluding the Traceable Proceeds, the Government recognizes Scala's ownership interest in the untainted value of the Subject Property;

WHEREAS, the Government and the Defendant have agreed to the interlocutory sale of the Subject Property by the Defendant which contemplates that the Subject Property may be sold before the conclusion of the forfeiture proceedings in order to preserve the value of the Subject Property pending a final order of forfeiture, with the net proceeds of the sale to be held as the substitute *res* pending further order of this Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, Amanda Houle, Attorney for the United States, by Assistant United States Attorneys Micah Fergenson, Nicholas Chiuchiolo, and Georgia Kostopoulos, of counsel, the Defendant and his counsel, Evelyn Baltodano-Sheehan and Jessica K. Fender, Esq. at Kobre & Kim LLP, and Noa Scala and her counsel, Gabriela Ruiz, Esq., that:

1.    The Defendant is authorized to sell the Subject Property in a commercially feasible manner and the Government may, in its sole discretion, reject any offer to purchase the Subject Property for insufficient value or where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

2.    Upon the receipt of an offer from a potential buyer for the Subject Property, the Defendant shall provide notice to the Government for its approval of such an offer.

3.    The net proceeds for the sale of the Subject Property will include all money realized from the sale of the Subject Property less the following: (a) commercially reasonable costs associated with preparing, marketing, and listing the Subject Property for sale; (b) any unpaid property taxes; (c) a pre-existing mortgage in Nassau County, recorded by JPMorgan Chase Bank as Instrument Number ███████████████████; (d) any verified liens (including a mechanic's lien for $330,000 recorded by Spensieri Construction in Nassau County, recorded on May 30, 2023 as Document Number ██████████); and (e) fees, assessments, and/or other encumbrances (hereinafter, the "Net Proceeds"). Upon the sale of the Subject Property, the Net

Proceeds less the "Scala Payment" described in Paragraph 6 shall be deposited in the Seized Asset Deposit Fund ("SADF") pending the resolution of this matter.

4.    Defendant shall, upon filing of this Consent Order of Interlocutory Sale, take all usual and customary steps to sell the Subject Property in accordance with all laws and procedural rules applicable to such sale, with a purpose to effect actual sale within one hundred twenty (120) days from the date the Subject Property is listed. Defendant shall list the Subject Property for sale no later than twenty-one (21) days after receiving written notice from Spensieri Construction that the additional work contemplated by the parties has been completed. In the event the Defendant fails to secure a contract of sale within one hundred twenty (120) days of listing the Subject Property, the Government may exercise the option at any time thereafter to assume responsibility for the sale of the Subject Property.

5.    The Net Proceeds, and any and all income or interest accrued thereon, shall be the substitute *res* for the Subject Property (the "Substitute Res") and will serve as a substitute res for the Subject Property in the above-captioned case, with all claims and defenses applicable to the Subject Property, including any other action that may be brought by the United States Attorney's Office ("USAO") for forfeiture of the Subject Property or claims by third parties, to apply instead to the Substitute Res.

6.    At the closing of the sale of the Subject Property, after subtracting the Traceable Proceeds from the Net Proceeds, Scala shall receive fifty (50%) percent of the remaining Net Proceeds (the "Scala Payment").

7.    Following the payment of the Scala Payment, Scala agrees to not contest the Government's forfeiture of the Traceable Proceeds or the remaining fifty (50%) percent of the Net Proceeds (the "Government's Share") in this matter and she will not file any claim or a petition

for remission or mitigation or otherwise contest the forfeiture of the Government's Share, or assist anyone else in doing so.

8.      Following the Scala Payment, the Government's Share shall be issued in a check made payable to United States Marshals Service and referencing "*U.S. v. Olivier Amar*, 23 Cr. 251 (AKH)" in the memorandum section of the check and deposited in the SADF pending the resolution of this case.

9.      In furtherance of the interlocutory sale the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

10.     This Consent Order of Interlocutory Sale may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Interlocutory Order. Signature pages may be by fax or transmitted electronically, and such signatures shall be deemed to be valid originals.

11.     This Consent Order of Interlocutory Sale constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

12.     The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Consent Order of Interlocutory Sale.

13.     Each party agrees to bear its costs and attorneys' fees.

14.     The Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Consent Order of Interlocutory Sale.

STIPULATED TO:

AMANDA HOULE
Attorney for the United States
Southern District of New York
Acting under Authority Conferred by
28 U.S.C. § 515

By: _____          10/22/2025
Micah Fergenson                            Date
Nicholas Chiuchiolo
Georgia Kostopoulos
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10238
(212) 637- 2190/2439/1247


OLIVIER AMAR

By: _____          10/22/25
Olivier Amar                               Date
Defendant

By: _____          10/22/25
Evelyn Baltodano-Sheehan, Esq.             Date
Jessica K. Bender, Esq.
Attorneys for Defendant
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
(305) 967-6112

AS TO PARAGRAPHS 3(D) AND 4, STIPULATED TO:

By: _____          10/22/25
    Paul Spensieri                           Date
    Spensieri Construction

By: _____          10/22/25
    Brian S. Goldman, Esq.                   Date
    Attorneys for Spensieri Construction
    Goldman & Maurer, LLP
    600 Old Country Road, Suite 241
    Garden City, New York 11530
    (516) 773-8585
    Fax: (516) 773-6190

AS TO PARAGRAPHS 3 AND 6-8, STIPULATED TO:

By: _____          _____
    Noa Scala                                Date

By: _____          _____
    Gabriela M. Ruiz                         Date
    Attorney for Noa Scala
    King & Ruiz LLP
    2 S. Biscayne Blvd., Suite 3200
    Miami, Florida 33131
    (646) 510-3368

SO ORDERED:

_____              10·27·25
HONORABLE ALVIN K. HELLERSTEIN               DATE
UNITED STATES DISTRICT JUDGE

AS TO PARAGRAPHS 3(D) AND 4, STIPULATED TO:

By:  _____        _____
     Paul Spensieri                         Date
     Spensieri Construction

By:  _____        _____
     Brian S. Goldman, Esq.                 Date
     Attorneys for Spensieri Construction
     Goldman & Maurer, LLP
     600 Old Country Road, Suite 241
     Garden City, New York 11530
     (516) 773-8585
     Fax: (516) 773-6190

AS TO PARAGRAPHS 3 AND 6-8, STIPULATED TO:

By:  _____        10/22/2025
     Noa Scala                              Date

By:  _____        10/23/2025
     Gabriela M. Ruiz                       Date
     Attorney for Noa Scala
     King & Ruiz LLP
     2 S. Biscayne Blvd., Suite 3200
     Miami, Florida 33131
     (646) 510-3368

SO ORDERED:

_____        10-25-25
HONORABLE ALVIN K. HELLERSTEIN         DATE
UNITED STATES DISTRICT JUDGE