UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
UNITED STATES OF AMERICA,                                     :
:     **ORDER DENYING**
    -against-                                                 :     **DEFENDANT JAVICE'S**
:     **MOTION FOR**
CHARLIE JAVICE and OLIVIER AMAR,                              :     **RECONSIDERATION OF**
:     **RESTITUTION ORDER**
                                    Defendants.               :
:     23 Cr. 251 (AKH)
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendant Charlie Javice moves under Local Criminal Rule 49.1(b) for reconsideration of my order of restitution at her sentencing as reflected in my order of October 3, 2025. *See* ECF No. 438. Defendant Olivier Amar filed a letter in support of Javice's motion. *See* ECF No. 447. For the reasons stated on the record at Amar's sentencing hearing on November 5, 2025, and described below, Javice's motion for reconsideration is denied except in one minor respect noted at the end of this order.

  To succeed under Rule 49.1(b), the movant must set forth "concisely the matters or controlling decisions that counsel believes the court has overlooked." Local Crim. R. 49.1(b). The standard of review for a motion for reconsideration in the criminal context is the same as it is in the civil context. *See e.g., United States v. Alvarez-Estevez*, No. 13 Cr. 380 (JFK), 2014 WL 12681364, at *1 and n.1 (S.D.N.Y. Nov. 6, 2014); *United States v. Leaver*, 358 F.Supp.2d 273, 277 n.14 (S.D.N.Y. 2005). The standard for granting motions for reconsideration is "strict," and a court may grant reconsideration "only where the moving party demonstrates an 'intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *See United States v. Alvarez-Estevez*, No. 13 Cr. 380 (JFK), 2014 WL 12681364, at *1 and n.1 (S.D.N.Y. Nov. 6, 2014) (internal citations omitted); *see also*

1

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (noting that reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'....") (internal citation omitted).

Javice has failed to show any grounds for which reconsideration would be proper. Her arguments are the same as those I addressed at her sentencing. I readdressed those same arguments and ruled similarly at Amar's sentencing.

The focus of Javice's motion is the legal fees JPMorgan Chase paid for her defense. Javice and Amar argue that the legal fees were paid because of their indemnification with JPMorgan Chase, and pursuant to the order of the Delaware Court of Chancery, and, therefore, are not properly subject to restitution. However, the payments were directly and proximately caused by their fraud of JPMorgan Chase, and their defense of the criminal case for defrauding JPMorgan Chase. It was these frauds that induced JPMorgan Chase to acquire their company and to enter into the indemnification agreements that were part of the acquisitions.

The Mandatory Victims Restitution Act (the "MVRA") provides that a victim is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). In order to qualify as a "victim," a "party must have endured a financial loss that was 'directly and proximately' *caused* by a defendant's fraud." *United States v. Calderon*, 944 F.3d 72, 95 (2d Cir. 2019). Javice and Amar's legal fees were paid by JPMorgan Chase, and JPMorgan Chase endured a financial loss, directly and proximately from Javice's and Amar's fraud. As the Second Circuit commented in *United States v. Sullivan*, "We can easily imagine circumstances where an advance of defense fees is sufficiently related to a defendant's criminal conduct such that they might be recoverable as a

2

loss of property caused by that conduct... For example, we agree with the district court that such fees might be available where the offense conduct involved a 'fraudulent[] induc[ement] . . . to pay . . . legal defense fees.'" *United States v. Sullivan*, 118 F.4th 170, 233 & n. 42 (2d Cir. 2024) (internal citation omitted).

Javice's fraud gave rise to her prosecution which, in turn, gave rise to her legal fees. I hold that the legal fees paid by JPMorgan Chase were directly and proximately caused by the wrongful conduct of the Defendants, and therefore, they were properly subject to restitution as provided by the restitution order.

There is one modification to the order. At the time of Javice's sentencing, JPMorgan Chase had not distinguished the legal fees it incurred between Javice and Amar, and I proposed a 75:25 solution. However, by Amar's sentencing, the Government provided a breakdown: Javice's fees were $60,802,896, and Amar's, $54,108,605. Javice's order of restitution shall be so modified, and I will file such an amended order for Javice.

For the reasons above, I deny the motion for reconsideration.

The Clerk shall terminate ECF Nos. 438 and 447.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3