UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

OLIVIER AMAR,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:  CONSENT PRELIMINARY
:  ORDER OF FORFEITURE
:  AS TO SPECIFIC PROPERTY
:  AND SUBSTITUTE ASSETS/
:  MONEY JUDGMENT
:
:  S1 23 Cr. 251 (AKH)
:

WHEREAS, on or about July 12, 2023, OLIVIER AMAR (the "Defendant"), and another, was charged in a four-count Superseding Indictment, S1 23 Cr. 251 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2 (Count Three); and securities fraud, in violations of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of federal Regulations Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment, and, *inter alia*, the following property:

      a.  All monies, assets, and funds contained in Interactive Brokers LLC Account U6819438, held in the name of OLIVIER AMAR, and seized by the Government on or about April 14, 2023 (the "Seized Account");

WHEREAS, the Indictment included a second forfeiture allegation as to Count Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Indictment, including, *inter alia*, the Seized Account;

WHEREAS, on or about March 28, 2025, the Defendant was found guilty, following a jury trial, of Counts One through Four of the Indictment;

WHEREAS, on or about October 27, 2025, the Court entered a Consent Order of Interlocutory Sale of 36 Cedar Lane Sands Point, New York 23145 (the "Subject Property") wherein the Defendant was authorized to sell the Subject Property, which the Government asserted constituted, at least in part, proceeds traceable to the offenses charged in Counts One through Four of the Indictment, and the net proceeds of the sale to be held as the substitute *res* pending further order of this Court (the "Interlocutory Sale Order") (D.E. 448);

WHEREAS, to date, the Subject Property has not yet been sold;

WHEREAS, the Defendant consents to a forfeiture money judgment in the amount of $5,690,707.31 in United States currency, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A) and Title 28 United States Code, Section 2461(c), representing the proceeds traceable to the commission of the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the following property as proceeds traceable to the offenses charged in Counts One through Four of the Indictment, that the Defendant personally obtained:

    a.  The Seized Account; and

    b.  Up to $333,525 of the value of the Subject Property

(a. and b., together, the "Specific Property");

WHEREAS, the Parties agree that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property;

WHEREAS, the Government has identified, pursuant to Title 21, United States Code, Section, 853(p), the following asset of the Defendant: any amount of value of the Subject Property in excess of $333,525.00 following the Scala Payment, as defined in the Interlocutory Sale Order (the "Substitute Asset");

WHEREAS, the Defendant consents to the forfeiture of all right, title and interest in the Substitute Asset to the Government; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney AMANDA HOULE, Acting Deputy United States Attorney, Attorney for the United States, Acting Under Authority Conferred by 28 U.S.C. § 515, Assistant United States Attorneys Nicholas Chiuchiolo, Micah Fergenson Georgia Kostopoulos of counsel, and the Defendant and his counsel, Evelyn Baltodano-Sheehan, Esq., and Jessica K. Fender, Esq.:

1.    As a result of the offenses charged in Counts One through Four of the Indictment, to which the Defendant was found guilty, following a jury trial, a money judgment in the amount of $5,690,707.31 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offenses charged in Counts One through Four of the Indictment,

to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853 and the terms of the Interlocutory Sale Order.

3.    All right, title and interest of the Defendant in the Substitute Asset is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

4.    Upon entry of this Consent Preliminary Order of Forfeiture of as to Specific Property and Substitute Assets/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep it in its secure, custody and control subject to the provisions of the Interlocutory Sale Order.

5.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment is final as to the Defendant, OLIVIER AMAR, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

6.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

7.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Assets/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Seized Account and to hold such property in its secure custody and control. With respect to the Subject Property, the United States Marshals Service (or its designee) is

authorized to take possession of the substitute *res* subject to the terms of the Consent Order of Interlocutory Sale.

9.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

10.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property and Substitute Asset, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property and Substitute Asset, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property and Substitute Asset, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

11.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property and Substitute Asset pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property and Substitute Asset forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

13.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of additional substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

14.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

15.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property and Substitute Asset/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Dated: New York, New York
       November _____,
       2025

STIPULATED TO:
AMANDA HOULE

Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515
Southern District of New York
United States of America

By: _____      11/4/2025
Nicholas Chiuchiolo                         Date
Micah Fergenson
Georgia Kostopoulos
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10238
(212) 637- 1247

OLIVIER AMAR

By: _____      11/4/25
Olivier Amar                                Date
Defendant

By: _____      11/4/2025
Evelyn Baltodano-Sheehan, Esq .             Date
Jessica K. Fender, Esq.
Attorneys for Defendant
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
(305) 967-6112

SO ORDERED:

_____      11/5/25
HONORABLE ALVIN K. HELLERSTEIN          Date
UNITED STATES DISTRICT JUDGE